IN

# THE SUPREME COURT

OF

## PENNSYLVANIA.

WESTERN DISTRICT, OCTOBER TERM 1833.

## Pier *against* M'Kinney.

A recognizance taken by a justice of the peace upon an appeal by a defendant, must contain the condition, that the recognizor shall be discharged from liability if the defendant, in the event of the affirmance of the judgment of the justice, shall pay the debt, interest and costs.

ERROR to *Warren* county.
This was an action by Robert M'Kinney against William Pier, on the following recognizance entered into by him as bail of D. W. Jackson, who appealed from the judgment of a justice.

" William Pier, you do acknowledge to pay the plaintiff in the above suit the sum of 195 dollars, on condition that the defendant, Daniel W. Jackson, shall be and appear at the next court of common pleas in and for the county of Warren, at the court house for said county, on the 1st day of said term, there to prosecute his appeal with effect; and on failure so to do, to surrender the body of said defendant to the jail of the said county, on or before the first day of the next term of the court of common pleas: then this bond to be of no effect, otherwise to be and remain in full force and virtue."

The defence was, that it did not contain the condition that the recognizor should be discharged from liability in the event of the defendant's paying the debt, interest and costs. The court below was of opinion that the recognizance was a good one, and rendered a judgment for the plaintiff.

*Thompson* and *Galbreath*, for plaintiff in error.
*Fetterman*, for defendant in error.

PER CURIAM.—A material condition, of which the appellant ought to have had the advantage, was left out of his recognizance; and he therefore had his appeal on terms less advantageous than the law allowed it to him. Performance of a condition not mentioned in the instrument, could certainly not have been pleaded in defeasance of it; for to say that the effect of the recognizance is to be taken as it was intended to be by the law, would be to treat its actual form as immaterial in all cases. What the contract was, can be known but by the writing which is the evidence of it; and it has always been held that a recognizance thus taken is void, as an unauthorized stipulation. But it is said the defect ought to have been taken advantage of by pleading and oyer. It was, however, put directly in issue, that there was no such recognizance as that contained in the *scire facias;* and although it may have been error to try the plea of *nul tiel* record by a jury, that could not cure a defect in the opinion of the court as to the legal effect of the instrument.

Judgment reversed.